## Fazzini v. Republic Steel Corporation

*Malos & Baratta,* for plaintiff.

*Richard F. Stevens,* for defendant, Everett Associates.

GRIFO, J., July 17, 1972.—This matter is before the court on the preliminary objections of defendant, Everett Associates, in the nature of a motion for a more specific pleading, a motion to strike and demurrer to the complaint.

The complaint alleges, inter alia:

"4. Defendant, Everett Associates, is a partnership engaged in the profession of architecture. . .

"5. On January 20, 1969, and for some time prior thereto, construction was being undertaken with regard to the Hellertown High School building, in Hellertown, Northampton County, Pennsylvania.

"8. Defendant, Everett Associates, was the architect for the construction of the Hellertown High School building as referred to hereinbefore.

"9. Plaintiff was employed by Muelen Roofing Co., which was a company employed to construct the roof on the said Hellertown High School building as referred to hereinbefore.

"10. On January 20, 1969, Plaintiff was severely injured on a fall through a hole in the roof of the said Hellertown High School building as will be hereinafter set forth.

"11. The said fall and injuries to the Plaintiff were caused solely by the negligence of the Defendants and each of them individually as will be hereinafter set forth.

"14. The negligence of Defendant Everett Associates was as follows:

"(a) Defendant, Everett Associates, failed to prescribe adequate warning requirements to protect workmen on the premises from injury through falling through holes on the construction site.

"(b) Defendant, Everett Associates, failed to exercise reasonable and adequate control during construction to prevent unreasonable risk of harm to Plaintiff and others on the premises through falling through holes on the roof.

"(c) Defendant, Everett Associates, failed to adequately check and approve the steel material as supplied by Defendant, Republic Steel Corp., Mfg. Div., thus creating an unreasonable risk of harm to Plaintiff and others legally on the premises.

"(d) Defendant, Everett Associates, failed to properly check the plans for the construction sites so as to provide for temporary coverings of the holes on the roof, thus creating an unreasonable risk of harm to Plaintiff and others legally on the premises.

"(e) Defendant, Everett Associates, failed to observe sufficient safety requirements as prescribed for architects on construction sites, thus creating an unreasonable risk of harm to Plaintiff and others legally on the premises."

In support of its demurrer, defendant, Everett Associates, contends that the complaint sets forth only legal conclusions and, therefore, is deficient under the materiality test of Pennsylvania Rule of Civil Procedure 1019(a). We disagree insofar as the averments actually pleaded are concerned. However, we find that the complaint is nonetheless deficient.

It is hornbook law that an action in tort presupposes a breach of a duty owed to an injured party. Nowhere in the complaint has it been averred that defendant,

Everett Associates, was under a duty to plaintiff to protect him against the hazard which caused his injuries.

Furthermore, plaintiff has addressed to defendant, Everett Associates, written interrogatories under Pa. R. C. P. 4005. Among other information sought, plaintiff asked the status of defendant, Everett Associates, with reference to the construction of Hellertown High School and requested the production of a written contract, if any. Attached to defendant's answers is a copy of a contract between Hellertown-Lower Saucon Joint School Systems, as owner, and Everett Associates, as architect, establishing the undertakings of Everett Associates in regard to the construction of Hellertown High School. That contract contains no undertaking by Everett Associates to assume any duty of supervision and control in regard to the actual construction of the school outside of periodic inspections to insure the quality of construction and in connection with the issuance of final certificates for payment to the construction contractor. Nor are we aware of any statutory or general, common-law duty of an architect to protect workmen on an owner's premises from the kind of hazard herein averred.

The complaint as drafted, then, contains no averments which demonstrate defendant Everett Associates' alleged liability. Nor do we believe that plaintiff could ever allege facts sufficient to support this cause of action. Final judgment may be entered on a demurrer where the court concludes that the facts as stated exclude the possibility of recovery under any amendment of the statement of facts: Hoffman v. Misericordia Hospital, 439 Pa. 501, 267 A. 2d 867 (1970); Schott v. Westinghouse Electric Corp., 436 Pa. 279, 259 A. 2d 443 (1969).

In light of the foregoing disposition, it becomes

unnecessary to consider defendant Everett Associates' motion for a more specific pleading and motion to strike.

Accordingly, the court enters the following

ORDER

And now, to wit, July 17, 1972, the preliminary objections of defendant, Everett Associates, in the nature of a demurrer are hereby sustained. The complaint is hereby dismissed with prejudice.